Fred Bates v. The State.

No. 3685.   Decided January 23, 1907.

**1.—Burglary—Daytime—Night-Time—Charge of Court—Breaking.**

Where the charge upon which the defendant was tried was general, for burglary committed by breaking and entering a house, and the evidence showed that if a breaking occurred by means of a burglarious entry it was breaking in the daytime, the court should have charged an actual breaking under article 839, Penal Code; and in any event whether night or day breaking, the entry must be accomplished by breaking; and it was error to charge that by the term entry was meant every kind of entry except that by free consent of the occupant, etc., and that it was not necessary that there should be an actual breaking.

**2.—Same—Age of Defendant—Reformatory.**

Where upon trial for burglary the evidence showed that the defendant was under 16 years of age, it was reversible error that the verdict failed to find the age of the accused.   Following Watson v. State, 92 S. W. Rep., 807.

Appeal from the District Court of Grayson County.   Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of burglary; penalty, five years confinement in the reformatory.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—There were two counts in the indictment; the conviction, however, was obtained under the first, which charged generally burglary by breaking and entering a house. The facts show that it was the property of the alleged owner, Mrs. Means, but it was unoccupied as a family residence, she having removed from Sherman to Dallas.   The court instructed the jury, in a general way, that if defendant entered the house by force he would be guilty.   The second count in the indictment alleged a night-time burglary, but this was not submitted to the jury.   The court further instructed the jury that by the term "entry" into a house is meant every kind of entry but one made by free consent of the occupant or of one authorized to give such consent.   "It is not necessary that there should be any actual breaking to constitute burglary."   An exception was reserved to this charge, which we think is well taken. Under the facts the testimony strongly indicates if the appellant broke or entered the house at all it was in the day time.   The State introduced an officer who arrested appellant and to whom appellant made a confession, sworn to by the officer, in substance, that he entered the house through a window in the day time.   There were two women who testified in the case; the substance of their evidence is that they were at the house alleged to have been burglarized, and the doors of the house were open, and while there they saw appellant

and another boy about the yard, and bought from appellant a carpet sweeper, paying him five cents for it. The evidence further shows that Mrs. Means had abandoned the house as a residence and moved out of the county, but had stored her goods in an upper chamber and securely fastened the doors and windows. Now, in view of this testimony the evidence would indicate, if a breaking at all, it was a breaking in the day time, therefore, it was necessary, under article 839, Penal Code, for the court to have charged with reference to an actual breaking. In any event, whether night or day breaking, the entry must be accomplished by breaking, and if accomplished in the day time by breaking externally, then it must be an actual breaking. Under the charge above quoted, it was only necessary for the jury to believe that if appellant entered the house without the consent of the occupant, it would be burglary.

There is another question in the case necessary to be noticed. The evidence shows that the boy was under 16 years of age, and that the weight of the testimony would indicate he was under 13, though the boy himself states he was but 14, at least the officer so testified. The verdict of the jury failed to specify the age of the boy. Article 1145, Code Criminal Procedure, requires that if the jury should find the accused to be under 16 years of age and assess his punishment at five years or less, they may send him to the reformatory or the penitentiary. The verdict in this case fails to ascertain and specify the age of the accused. This was necessary under the statute quoted. See Watson v. State, 92 S. W. Rep., 807. For the reason indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.* -