### JOHN WILLIAMS v. THE STATE.

No. 1333. Decided November 1, 1911.

**1.—Theft—Evidence—Cost Marks—Stock Numbers.**

Upon trial of theft, there was no error in admitting testimony that the pants alleged to have been stolen had the cost marks and stock numbers on them that matched the coats in the store, the evidence showing that the pants were taken from suits of clothes in the store of the alleged owner and were found within half an hour in the grip of the defendant; nor was it necessary to introduce the pants and coats in evidence.

**2.—Same—Evidence—Comparison.**

Upon trial of theft, there was no error to ask the witness whether the grip shown him was like the one found with the defendant, etc.

**3.—Same—Charge of Court—Market Value.**

Upon trial of theft, there was no error in the court's charge in not defining the term "market value," and charging the jury that the value of property was the market value at the locality where it was stolen.

**4.—Same—Jury and Jury Law.**

Where, upon trial of theft on appeal, the record showed that the juror who defendant claimed was not sworn, was in fact sworn by the judge upon his voir dire, there was no error.

**5.—Same—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of theft, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Denton. Tried below before the Hon. Clem B. Potter.

Appeal from a conviction of theft; penalty, four years and six months imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General; *Chas. Mays,* County Attorney, and *H. R. Wilson,* Assistant County Attorney, for the State.— On the question of the value of property: Martinez v. State, 16 Texas Crim. Rep., 122; Saddler v. State, 20 Texas Crim. App., 195.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft of property over the value of $50, his punishment being assessed at four years and six months in the penitentiary.

The evidence, in a brief way, showed that appellant and his companion entered the store of the alleged owner, took quite a lot of clothing and went away, and were captured after a short time at the depot where they were in waiting for an incoming train.

While the State's witnesses, Wilson and Roark, were testifying, they were permitted to identify the pants returned to the store by the sheriff by comparing the cost marks and stock numbers on the pants with those on the coats and that said pants matched said coats. It was urged that this testimony was inadmissible, because it was but the opinion of the witness and secondary evidence and that their objections should have been sustained as to the cost marks and stock numbers, and that the pants and coats should have been introduced in evidence before the jury so that the jury could determine the identity of the pants. We are of opinion there is no merit in any of these contentions. This was not opinion evidence in the proper legal acceptance, nor was it secondary evidence. In this connection it might be well to state that the pants taken by appellant and his associate were taken from suits of clothes in the store of the alleged owner. There were several pairs of pants taken. The appellant and his associate had a grip with them and they walked out of the store and went away; investigation was made within an hour or less time; these parties were traced to the depot and the grip found and brought back to the store. The pants found in the grip or suit case had the same marks, as the record shows; same cost marks and stock numbers that were on the coats that made up the suits. This was a competent way to identify and it was not necessary to introduce the pants and the coats before the jury to show them that the cost marks and stock numbers on the pants corresponded with those on the coat.

Another bill of exceptions was reserved to a question asked Charlotte Mattox as follows: "Did any parties—a couple of darkies— stay at your house that night?" (meaning the night prior to the theft early the next morning). This was objected to, as well as the answer thereto. Objection was also urged to this question: "How does this compare?" (showing grip to the witness). Objection to this was that the witness should have first been required to describe the grip. This bill is rather defective, and so far as that matter is concerned, the witness may have thoroughly described the grip beforehand, but we take it there is no merit in the objection any way. The witness could answer the question as to comparison, if she did in fact answer it, as to whether it did look like the one the parties had or did not look like it.

There are criticisms of some sections of the charge set out in the motion for new trial, but these, we think, are without merit. Among other criticisms, the fifth paragraph of the charge is criticised. This charge is as follows: "By the 'value of property' is meant the market value of the property at Denton, Texas, at the time of the taking." The criticism is, "Because he therein defines a common phrase, 'value

of property,' which is plain English and was well understood by the jury and laymen generally, and needed no definition, in the terms of a legal phrase, 'market value,' without defining said legal phrase, which was calculated to and doubtless did confuse the minds of the jury and mislead them into rendering a verdict not supported by the evidence; and further, because said common phrase, so defined in a legal phrase does not appear anywhere else in said charge or in the indictment upon which the prosecution is based." Another criticism in this connection is that the court erred, after having given the above charge, in not defining the term "market value" and in that connection asked this requested instruction: "You are instructed that the market value is meant the price for which the property alleged to have been stolen could have been bought, or sold for, in like quantities to the amount stolen, if any was stolen, on the market at Denton, Texas." This charge of the court and the refusal to give the requested instructions could not have misled the jury, and, in fact, we are of opinion that the court's charge is correct. "Market value" of the property was properly stated to be at Denton, Texas, where the property was stolen and at the time of the taking. It was not necessary, under the circumstances of this case, to define the term "value of the property," or "market value." The term "market value" is usually easily understood and readily comprehended. It is an expression in the commercial world used very generally and among all of our people, and needs no definition.

There is a question suggested in the motion for new trial, on which evidence was introduced pro and con, that the juror Haren, who served on the trial, was not sworn or examined on his voir dire. On the trial of the motion, the record shows, that Gillespie and Baker testified that the juror was talking to other parties in a different part of the courtroom at the time of the empanelling of the jury and was not sworn with the other jurors and was not afterwards sworn. The above was Baker's testimony. Gillespie did not seem to be so certain about it. He said if he was sworn at any time he did not know it, but thought he was not sworn. Young testified that he was constable and saw the juror Haren when he came into the courtroom, when he was sworn as a juror and when the court called his name and asked him regarding his qualifications, and that the juror was sworn as a talesman by the court. The court approved this statement of facts on the motion with the statement that while he, as judge, was drawing the jury someone called his attention to the fact that some bystanders were claiming that one of the jurors was not sworn as to his qualifications and was pointed out to the judge. The judge said he knew he had been sworn and did not swear him again. That he believed this to be the juror Haren. While it may be doubted whether this evidence is in such condition that it may be considered on account of the condition of the record, it is found in the record in connection with the statement of facts and is mentioned to show the

contention as presented to the trial court and reflected in the record before this court. It was an issue before the court whether the juror was sworn or not. However, in any event, we think there is no merit in the question as it is presented by the record, and the trial court did not err in overruling the motion for new trial.

It is contended that the evidence is not sufficient. The facts show that the defendant and his associate came to the town of Denton and spent the night. Next morning very early they walked into the store with the clerk who opened it, and while one of them engaged him in conversation in one part of the store with reference to buying some underwear, the other negro went to the clothing department and took out the several pairs of pants mentioned and shown to have been taken. Within an hour or less time they were arrested at the depot where they were waiting for the incoming train, which was due in about thirty minutes. The grip they had with them was secured at the depot and all these pants taken out and fully identified. Their value from any standpoint, shown by the evidence, was in excess of $50. Appellant undertook to make no excuse for having the goods, and they being fully identified as the property of the alleged owner, we do not concur with appellant in his contention that the evidence is insufficient. We think it is ample.

The judgment will, therefore, be affirmed.

*Affirmed.*