# NOVEMBER, 1916

### Blake Miller v. The State.

#### No. 4261. Decided November 1, 1916.

**1.—Burglary—Confessions—Corroborations.**

Where, upon appeal from a conviction of burglary, the appellent contended that the crime must be proved independent of the confession, such is not the law, and where the confession was sufficiently corroborated the conviction is sustained.

**2.—Same—Identity of Property.**

Although the owner was not able to positively identify certain articles taken from his store, but testified that he found at the place where defendant said the stolen goods had been carried, goods of the character and kind that had been taken from the store, there was no error in refusing to withdraw such testimony. Following Turner v. State. 48 Texas Crim. Rep., 585, and other cases.

**3.—Same—Confessions—Corpus Delicti—Charge of Court.**

Where, upon trial of burglary in the night-time, the court instructed the jury to find beyond a reasonable doubt, that the house was entered by force in the night-time, and in another paragraph, that the confession alone was not sufficient to prove the corpus delicti, unless there was other evidence corroborative of said confession, the same was sufficient, as it is not necessary to prove the

corpus deliciti, independent of the confession. Following Harris v. State, 64 Texas Crim. Rep., 605, and other cases.

**4.—Same—Sufficiency of the Evidence—Sufficiency of the Corroboration—Confessions.**

Where, upon trial of burglary in the night-time, the evidence showed, independent of the defendant's confession, that the alleged goods were taken from the owner's store without his knowledge or consent; that defendant was seen at night near the scene of the burglary, and that the goods of the character taken out of said store, were hid away, this was sufficient corroboration of the confession.

**5.—Same—Entry—Charge of Court—Night-time Burglary—Charge of Court.**

Under article 1303, Penal Code, defining a charge defining an entry of burglary in the night-time, must require the entry be made by force, threats, or fraud, and the indictment must allege, and the proof must show this; and where the charge of the court was defective in this respect, the same was reversible eror. Following Newman v. State, 55 Texas Crim. Rep., 375, and other cases.

Appeal from the District Court of DeWitt. Tried below before the Hon. John M. Green.

Appeal from a conviction of burglary in the night-time; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. J. Waldeck* and *A. C. Hartman,* for appellant.—On question of confessions: Harris v. State, 28 Texas Crim. App., 308; Willard v. State, 27 id., 386; Nolan v. State, 129 S. W. Rep., 1108; Brice v. State, 179 S. W. Rep., 1178; Ellison v. State, 127 id., 542.

On question of identity of property: Cox v. State, 140 S. W. Rep., 447; Barnett v. State, 99 id., 556.

On question of court's charge on entry: Bates v. State, 99 S. W. Rep., 551, and cases cited in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of confessions: Sullivan v. State, 40 Texas Crim. Rep., 639; Gallegos v. State, 49 id., 115.

HARPER, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the State penitentiary.

Appellant earnestly insists that the crime of burglary is not shown independent of the confession of appellant, and that his confession is not corroborated as to the breaking and entering the house—that this fact is proven alone by his confession.

Something occurred, not disclosed by the record, to cause the arrest of appellant, and the morning after his arrest he sent for Mr. Eugene Bonham, a merchant in Cuero, for whom he had been working as porter. He told Mr. Bonham he had burglarized the store and gave him a description of the goods taken, and that a portion of the goods had been taken to Sam Macey's store by himself and Sam Macey.

Acting on the information he received from appellant, Mr. Bonham and an officer went to Macey's store and found some snuff hidden in the store, and found a box of tobacco hidden under the counter wrapped up in some butter trays; the snuff found was ten-cent Garret snuff. Mr. Bonham thought this snuff was his property, although it had no particular mark on it. He judged this snuff to be his from the information he received from appellant, and the fact that he looked at his stock after getting this information and missed snuff of this character and kind. On cross-examination he would not swear positively that the snuff he found was his property, as other merchants in the town handled Garret snuff also. He could not say whether the property was taken, if it was his property, in the daytime or night-time. In addition to this confession made to Mr. Bonham, the State also introduced a written confession made by appellant thereafter to the county attorney, in which appellant said, at the instance of Sam Macey, he had left the door unlocked (only closing it); that he and Sam Macey went to the store at night in the latter part of April, and that he watched and held the elevator while Macey opened the door and brought out one case of Durham tobacco; one case of Brown Mule tobacco; one case of bottle snuff, and one sack of beans; that they placed this in Macey's automobile and carried the snuff to Macey's store.

Appellant's confession to the county officer makes a complete case of burglary, for he says, they at night opened a closed door and stole the property. As Mr. Bonham says he does not know when the property was taken out of his store, appellant contends that there is no corroboration of appellant's confession that they opened the door of the store in the night time and took the property. The only corroboration is circumstantial. Harvey Shaw says that about two weeks before appellant was arrested one night he saw appellant at the back of Bonhm's store—appellant's confession is, they entered the back door. Mr. Shaw says the same night he saw Sam Macey driving his automobile, naming the places he saw him drive it, and that he stopped the car at the back end of the block where Bonham's store was situated. On cross-examination he said the reason he knew it stopped was he could not hear it any more, when he had been able to follow it by the noise up to that time.

In the confession appellant says that it was the latter part of April when they entered the store, and he is shown to have been arrested and made his confession on May 11. Some two weeks prior to his arrest, as testified to by Marshal Shaw, would make it the latter part of April when he saw appellant at the back of Bonham's store, and saw Macey drive his car to the back end of the block on which Bonham's store is situated. As Mr. Bonham testified that he missed the goods appellant says were taken out of the store, when his attention was called to it, and also testifies that he found the door closed but unlocked on one occasion about this time, we think the confession is

sufficiently corroborated by circumstantial evidence. If Mr. Bonham had not testified that goods of the character and kind appellant says they stole had been taken out of his store without his consent, the corpus delicti would rest alone upon the confession, but as the owner missed the goods and said they were taken without his consent, the proof of the crime does not rest upon appellant's confession alone.

Although Mr. Bonham was not able to identify positively the snuff at Macey's store as his property, yet when he testified that he found, at the place where appellant said the stolen goods had been carried, goods of the character and kind that had been taken from his store, hidden, there was no error in refusing to withdraw Mr. Bonham's testimony from before the jury. A witness may state his best judgment and belief as to the identity of the property found. (Osgood v. State, 49 S. W. Rep., 94; Turner v. State, 48 Texas Crim. Rep., 585; Harris v. State, 62 Texas Crim. Rep., 235; Williams v. State, 63 Texas Crim. Rep., 507.) In this case Mr. Bonham was told by appellant that he and Macey had stolen a case of snuff from his store and carried it to Macey's store; he went to Macey's store and found a case of snuff hidden of the character and kind he says was taken from his store without his consent. In the absence of any other explanation of where this snuff came from, it is but a natural inference that it was Bonham's snuff. After confessing he had stolen a box of snuff and carried it to a place where snuff of the character and kind was found, if, now, when relying on his plea of not guilty, there is any other explanation of how this snuff got in that store and was hidden, he by the testimony offered in his behalf should give some explanation of its presence, and not rely on mere proof that other people in the town, who are not shown to have missed any snuff, also handled this character of snuff.

The court instructed the jury: "You are instructed that in this State no person can be convicted upon his confession unless there is other evidence corroborative of said confession proving that the offense with which the defendant is charged was committed. Therefore, unless you believe from the evidence beyond a reasonable doubt that there is other evidence in the case corroborative of said confession, which proves that the offense with which defendant is charged was committed, you will acquit the defendant." This charge is assailed by appellant, because it does not require the jury to find beyond a reasonable doubt that the house was entered by force and at night time. Other paragraphs do so instruct the jury, and it was not necessary to reiterate such charge in this paragraph. This paragraph of the charge was but correctly instructing the jury that the confession alone was not sufficient to prove that a crime had been committed. It is not necessary to prove the corpus delicti independent of the confession. Kugadt v. State, 38 Texas Crim. Rep., 681; Harris v. State, 64 Texas Crim. Rep., 605, and cases cited. In Attaway v. State, 35 Texas Crim. Rep., 403, it was held, if the fact that a crime was committed can be proven

aliunde, the confession of the party is sufficient to connect him with the offense.

All these contentions of appellant hang around the proposition: first, that the crime must be proven independent of the confession; and that if this is not correct, then the corroboration of the confession is insufficient. The first contention is not the law, and as to the second, after a careful study of the record, we are of the opinion that the facts and circumstances sufficiently corroborate the confession to support the verdict. Mr. Bonham testifies that cases of snuff had been taken out of his store; that they were so taken without his consent. This is evidence of theft by someone. Defendant in his confession says he and Sam Macey took the snuff out of Bonham's store at night. Mr. Bonham finds snuff of the character and kind he says was taken from his store, hidden at the place appellant told him he took the stolen property. This is sufficient corroboration of the confession to show theft beyond question, when there is no other explanation of how snuff of this character and kind came to be at Sam Macey's place. The defendant was not convicted of theft, but burglary. His confession shows these goods were taken out of the store in the night by pushing open an unlocked closed door. About the time he says these goods were taken he was seen in the night at the back of this store. He says Sam Macey drove around there, and they carried the goods away in his automobile, and Sam Macey was seen with his automobile at the back of this store about this time. Independent of the confession, we have the owner testifying that goods were taken from his store without his knowledge or consent; we have appellant at the back of the store at night; we have Sam Macey there the same night in his automobile; we find goods of the character taken out of Bonham's store hidden in Sam Macey's place of business. Alone these would be suspicious circumstances and not enough evidence to authorize a conviction, but these are such circumstances as would cause suspicion to fall on these two men, which apparently it did, and when arrested appellant makes an oral confession, and subsequently a written confession, and such circumstances would be corroborative testimony tending to connect appellant with the offense.

The court instructed the jury: "By the term 'entry' into a house is meant every kind of entry but one made by free consent of the occupant or of one authorized to give such consent. It is not necessary that there should be any actual breaking to constitute burglary." This is virtually copying article 1306 of the Penal Code, but in defining burglary in the night-time in article 1303, it is seen that an entry must be made by force, threats or fraud, and in construing these two articles of the Code in Hamilton v. State, 11 Texas Crim. App., 110, this court held that the indictment must allege and the proof show that an entry at night was made by force, threats or fraud to constitute burglary. Appellant objected to this paragraph of the charge because it did not require the entry to be made by force, and nowhere in the

charge did the court define what was meant by an entry by force. See also Newman v. State, 55 Texas Crim. Rep.; 275; Bates v. State, 50 Texas Crim. Rep., 569; Ross v. State, 16 Texas Crim. App., 559.

Again in the indictment the burglary is alleged to have occurred in the night-time, and nowhere in the charge does the court require that the jury find the entry was in the night-time.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*