### ROBERT CRANE v. THE STATE.

#### No. 6770.　Decided March 22, 1922.

#### Rehearing Denied April 26, 1922.

**1.—Burglary—Requested Charges—Practice in Trial Court.**

It must be made to appear on the record that requested charges were timely presented, and where it is not shown that they were presented to the trial judge before his main charge was read to the jury, they cannot be considered on appeal. Following Castleberry v. State, 88 Texas Crim. Rep., 502, and other cases.

**2.—Continuance—Co-defendant—Evidence—Practice in Trial Court.**

Where the absent testimony was not available to the defendant, because the alleged witness was his co-defendant, there was no error in declining to delay the trial under the circumstances.

**3.—Same—Severance—Continuance—Practice in Trial Court.**

Where it appeared, from the record on appeal, that granting the defendant's request for severance would have operated as a continuance, the court properly overruled the application.

**4.—Same—Evidence—Remarks by Court—Trial Judge.**

Where, upon trial of burglary, defendant sought to prove by certain witnesses the location of the switches in the packing house by which the lights were turned on, and the court in refusing such testimony remarked that anyone could step in and strike a match and find the switch, etc., and therefore that the testimony was immaterial, there was no reversible error in the instant case. However, trial judges are admonished to refrain from expressing an opinion.

**5.—Same—Evidence—Voluntary Statements of Co-Defendant—Witness.**

Upon trial of burglary there was no error in excluding the voluntary statement of the co-defendant made at an examining trial, as the co-defendant could not have testified himself.

**6.—Same—Charge of Court—Entry—Breaking—Force—Caution Suggested.**

Where, upon trial of burglary, the State's testimony showed entry unquestionably effected by force, there was no error in the court's charge, in the instant case, in his reference to his entry, although isolated the same would have been error; but, given in the connection that it was, under the court's definition of breaking and force, and further that the entry must be made by force directly applied to the house and with the intent to commit the specific crime of theft, there was no reversible error. However, the courts are admonished to use caution in framing a charge upon burglarious entry.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence was sufficient to sustain the conviction, there was no reversible error.

**8.—Same—Rehearing—Written Exceptions to Charge of Court.**

A written exception to the charge of the court signed by the attorneys for the defendant reciting that it was presented to the trial judge before the main charge was read to the jury, which recital was not verified by the trial judge, cannot be considered on appeal.

**9.—Same—Bills of Exception—Burden on Appellant—Presumption.**

The burden is upon the appellant to show by bills of exception that an error has been committed, unless he does so the presumption upon appeal is in favor of the correctness of the trial court.

Appeal from the District Court of El Paso. Tried below before the Honorable W. D. Howe.

Appeal from a conviction of burglary, penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jackson & Fryer,* for appellant.—On question of remarks by court: Ahlberg v. State, 225 S. W. Rep., 253.

*R. G. Storey,* Assistant Attorney General, for the State. On question of presenting requested charge to the trial court: Gibson v. State, 88 Texas Crim. Rep., 285.

HAWKINS, JUDGE.—Conviction is for burglary. Punishment two years in penitentiary.

A number of special charges were requested. There is no recital in, or endorsement on, any of the charges which show they were presented to the trial judge before his main charge was read to the

jury. The same condition exists with reference to the bills of exception bringing forward the requested charges. In this condition they cannot be considered. Article 737, Vernon's C. C. P., Note 11, page 493, for authorities. In some way it must be made to appear from the record that special charges were timely presented. Salter v. State, 78 Texas Crim. Rep. 325; Castleberry v. State, 88 Texas Crim. Rep. 502, 228 S. W. Rep. 216; No. 6709, Clark v. State (opinion January 25, 1922).

Appellant requested time to prepare an application for continuance on account of the absence of Arthur Burke. Inspection of the indictment reveals that Arthur Burke and appellant were jointly indicted for burglary. The court refused to grant appellant time to prepare application for continuance on the ground, as shown in the qualification to his bill, that the testimony of said Burke would not be available for appellant even if his co-defendant was present. The court committed no error in declining to delay the trial under the circumstances. Article 791, Vernon's C. C. P.

When appellant's case was called for trial he filed an affidavit asking that his co-defendant Burke be first placed upon trial. The motion was overruled. The bill is explained as follows: "The defendant Burke was under bail bond to appear before this court for trial but has failed to appear—had not in any manner signified his assent as to the order in which he and his co-defendant Crane were to be tried—the Court granted the severance—but the placing of the defendant Burke on trial first would of necessity continue the trial of this cause." It appearing from the foregoing explanation to the bill that Burke was on bond and had apparently failed to respond thereto and that granting appellant's request to put Burke upon trial first would have operated as a continuance of the instant cause, the court properly overruled the application. See Article 727 Vernon's C. C. P.

Appellant sought to prove by witnesses Graham and Conner the location of the switches in the packing plant by which the lights were turned on. Graham had testified that his attention had been called to the premises by all the lights in the office being on and appellant's theory was that whoever had committed the burglary was familiar with the premises and knew the location of the light switches, and in this connection offered to prove that neither appellant or his co-defendant Burke had ever worked at the packing plant or were familiar with the premises in any way. The court declined to permit evidence as to the location of the switches on the ground that it was immaterial. Bills of exception were reserved, and exception also taken to the statement of the court made in ruling upon this tesimony. The court had announced he thought the testimony was immaterial, and upon counsel for appellant insisting that it was most material, the court used the following language: "I do not think it

is, any man can step into a building and strike matches and find the switch. I will exclude all testimony on that line and give you a full bill on that and also on the statement of the court." In qualifying the bill of exception to the remark of the court the trial judge says the statement was made in the presence and hearing of the jury but was directed to counsel for appellant, and was explanatory of the judge's reason for believing the testimony immaterial. We are not prepared to say under the facts of this case that the court was in error in excluding the offered testimony. If there was any evidence in the record suggesting that some one other than appellant and his co-defendant had committed the burglary some merit might appear in the bill; but the State's evidence shows that appellant and his co-defendant were found in the building and were arrested by the night watchman as they were emerging therefrom. The theory of appellant that the burglary must have been committed by some one familiar with the packing plant and therefore who knew the location of the light switches is purely a theory without any facts in evidence upon which to base the same. We are inclined to the view that the statement of the judge of his reasons for holding the testimony immaterial were harmless for the same reasons. The trial judge cannot exercise too great care in refraining from expressing his opinion of testimony whether admitted or excluded. (Art. 787 C. C. P.). Jurors are likely to be influenced by unintended and inadvertent statements of the trial judge. In the instant case we have been unable from the entire record to reach the conclusion that any harmful effects could have been produced. It is not every statement by the trial judge incident to the admission or rejection of testimony that presents error for which the judgment should be reversed.

After Burke and appellant were arrested an examining trial was held and Burke made a voluntary statement which was reduced to writing and signed by him. Appellant offered Burke's statement in evidence, and reserved exception to its rejection by the court. No error was committed in declining to permit such statement to go in evidence. If Burke himself had been present he would not have been permitted to testify for appellant, being jointly indicted with him for the same offense. For the same reason his statement made on the examining trial was inadmissible. It was further inadmissible as hearsay.

The court charged the jury that "a burglary is committed when one with intent to commit theft by breaking, enters a house without the consent of the owner or the one in control of such house. By the term breaking is meant that the entry must be made with actual force. The slightest force, however, is sufficient to constitute breaking." Immediately following the foregoing in a separate paragraph appears this language: "The term 'entry' includes every kind of entry but one made by the free consent of the occupant or of one

authorized to give such consent." Then follows the definition of theft, and after that this paragraph: "An entry through an open door, with intent to commit the crime of theft, would not be burglary." Exceptions were reserved to that portion of the court's charge where he told the jury that the term "entry" included "every kind of entry but one made by free consent of the occupant or one authorized to give such consent" for the reason that in another portion of the charge the jury was instructed that an entry through an open door would not be burglary, and because the two charges taken together tended to confuse the jury, and that the first was not called for by the evidence or the law.

That portion of the charge with reference to "entry" first given by the court is a part of Article 1306 P. C. The entire Article reads as follows: "The 'entry' into a house, within the meaning of Article 1303, includes every kind of entry but one made by the free consent of the occupant, or of one authorized to give such consent; it is not necessary that there should be any actual breakage to constitute the offense of burglary, except when the entry is made in the day time." The foregoing article and its provisions with reference to an "entry" must necessarily be read in connection with Article 1303 and 1304. Every kind of "entry" except one made by free consent of the occupant or of one authorized to give such consent would not be necessarily a burglarious "entry." The isolated portion of the charge excepted to has heretofore been condemned in Newman v. State, 55 Texas Crim. Rep. 273, 116 S. W. Rep. 577; Bates v. State, 50 Texas Crim. Rep. 568; Miller v. State, 80 Texas Crim. Rep. 230. As to whether such charge would be fatally erroneous depends largely upon the facts of the particular case. In the two cases first referred to there was a sharp issue as to the character of entry; in the Miller case, so far as we gather from the opinion, the court in his charge did not further undertake to define "entry" other than to give a part of Article 1306. In the instant case the portion of the charge at which the criticism is aimed is in direct connection with the general definition of "breaking" and "force." In addition thereto the court pointedly told the jury that the indictment had charged that the burglarious entry was made by force with intent to commit the crime of theft, and that before they could find appellant guilty they must believe from the evidence beyond a reasonable doubt that the "entry" was made by force directly applied to the house, and with the intent to commit the specific crime of theft.

Caution should be observed by the trial courts in framing their charge on burglarious "entry" in the light of the opinions heretofore referred to. Under the facts of this case we have been unable to conclude that the charge as drawn could have been harmful to appellant. The State's case showed entry unquestionably effected by force ap-

plied to the building. Appellant's testimony raises no question as to the manner of entry, but denies all kind of entry.

The night watchman for the Armour Packing Plant testified substantially that on the night the burglary is alleged to have occurred he made his rounds of the plant early in the night and tested all the doors and windows to ascertain that they were properly closed. He was not only night watchman for the packing plant, but for another business concern on the opposite side of the street. About an hour after having made his inspection of the burglarized premises and while sitting on the opposite side of the street therefrom he observed all the lights on in the office of the packing plant. Thinking some of the office force was at work in the packing plant he went across to engage them in conversation, but found no one in the office. He heard some one in the warehouse part of the plant. Upon going to the rear of the premises he discovered a door open leading into the warehouse and secreted himself. He could hear someone in the building and knew at this time there were two of them. He left his place of hiding, went to a nearby telephone, called the police department to send help, and returned to the rear of the building and again secreted himself. When the police arrived they undertook to come in at the front or office part of the plant and the parties on the inside, presumably hearing them, undertook to make their exit through the back door near which the night watchman was secreted. He halted the parties at the door and they were afterwards found to be appellant and his co-defendant. Scattered over the floor of the warehouse in various states of disorder were articles belonging to the packing company, some of which had apparently been dropped right where appellant and his companion were caused to put up their hands. Appellant testified that he and his companion had gone through the alley in the rear of the burglarized premises and had halted momentarily for the purpose of urinating, have stepped inside the back yard of the plant through an opening in the fence, and claimed that the night watchman arrested them while they were there and denied that he or his companion were at any time inside the building. If the jury believed the testimony of the State the foregoing facts unquestionably authorized a conviction.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

April 26, 1922.

MORROW, PRESIDING JUDGE.—A re-examination of the record reveals the inaccuracy of appellant's contention in his motion for rehearing that his general exception to the charge was such as to demand consideration.

There is found in the record a written exception to the charge, signed by the attorneys for the appellant, reciting that it was presented to the trial judge before the main charge was read to the jury. This recital, however, is not verified by the trial judge. There is no certificate from him showing that it was ever presented to him. The exception to the charge is a bill of exceptions, and requires verification by the trial judge to authorize its consideration upon appeal. Without such certificate of approval, it cannot be considered. This rule is statutory. See Vernon's Sayles' Texas Civil Statutes, Articles 2063 and 2066. It has uniformly been given effect in this court. See Hill v. State, 10 Texas Crim. App. 673, and other authorities collated in Vernon's Texas Crim. Statutes, Vol. 2, p. 554, subdivision 33. ·

That we cannot consider the exceptions to the charge is the subject of regret, but the law requiring the certificate of the trial judge to a bill of exceptions as a predicate for its consideration is imperative and binding alike upon the litigant and the court. In determining that there was no certificate to the bill in the instant case, this court indulges in no presumption but acts upon a patent fact and must deal with the record as it is found.

The requirement that exceptions to the court's charge and the refusal of special charges shall show that the objections were made to the special charges presented before the charge of the court was read to the jury, but gives effect to the mandate of the statute. See Article 737, Code of Crim. Proc. This construction of the statute has been made and applied with uniformity. In our opinion, it is a reasonable rule, easily complied with, and is in consonance with the general rule that bills of exceptions must manifest the error complained of. Walker v. State, 9 Texas Crim. App. 200, and cases collated in Branch's Texas Ann. Penal Code, Sec. 207.

The burden is upon the appellant to show by bills of exceptions that an error has been committed. Unless he does so, the presumption upon appeal is in favor of the correctness of the trial court. There was no error in applying these established principles to the case in hand.

Upon each of the other matters to which the motion for rehearing relates, the views of this court are expressed in the original opinion. In our judgment, a correct disposition of the case has been made.

The motion for rehearing is overruled.

*Overruled.*