## C. G. WILSON V. THE STATE.

No. 9480.  Delivered February 3, 1926.

Rehearing denied March 17, 1926.

### 1.—Burglary—Evidence of Breaking—Held Sufficient.

Where, on a trial for burglary appellant questions the sufficiency of the evidence to establish a "breaking," and aside from his confession it is shown that the doors and windows of the bank were closed about 5 p. m. and were in apparently the same condition the following morning, but the vault of the bank showed physical evidence of attempts to penetrate it, and many articles were found on the floor that were not there when the bank was closed, the facts sufficed to show an entry of the building by breaking under the meaning of our burglary statute.

### 2.—Same — Evidence — Ownership and Control—Property Alleged and Proven.

Where the building burglarized was a bank, incorporated, and it was shown that the cashier of the bank was absent at the time of the burglary, and had left the bank in charge of the bookkeeper, a Mr. Patterson, the indictment properly alleged that the building was occupied and controlled by Mr. Patterson, and the proof sustained the allegation. See Branch's Ann. P. C., Sec. 2324, for authorities. Distinguishing Daggett v. State, 39 Tex. Crim. Rep. 5; Ratcliff v. State, 229 S. W. 857.

### 3.—Same—Confession of Defendant—Warning Shown—Properly Admitted.

Where the appellant complains of the admission of his confession on the grounds that it was made while under arrest and no warning was shown, and the writing contained a legal warning, the recital of which were not contradicted therein in any way, and appellant, when he took the witness stand, did not deny the giving of the warning set forth, the confession was properly admitted in evidence. See Williams v. State, 19 Tex. Crim. App. 279, and Campbell v. State, 63 Tex. Crim. Rep. 595.

### 4.—Same—Confession of Defendant—Properly Admitted.

Where appellant admitted making and signing a confession, introduced in evidence against him, but claimed that its statements connecting him with the burglary were not true, and that he made the confession in order to get out of jail, but did not claim that any one in authority induced him to make such confession, such claim on his part did not affect the voluntary character of same. Following Campbell v. State, 63 Tex. Crim. Rep. 595, and Williams v. State, 19 Tex. Crim. App. 279.

##### 5.—Same—Requested Charge Properly Refused.

Where, on the trial of a burglary case the court instructed the jury should not consider the confession introduced, unless they believed it to be true, and if they found same to be untrue, the case would be one of circumstantial evidence. There was no warrant for such a charge in this case and we cannot engraft on our practice the singling out of the direct testimony of the State, and submitting an issue contingent upon the jury rejecting the State's evidence. The unsoundness of such a doctrine is obvious.

##### 6.—Same Charge of Court—Defining "Entry"—Harmless Error.

Where, on the trial of a burglary case, the court instructed the jury that "the word 'entry' as used in this charge means any kind of entry made without the consent of the owner or occupant of said building," such charge might be error, unless the facts show an entry at night, and by breaking, as appears in this record, but errors in the charge are not reversible unless hurtful to the right of accused, under Art. 743, C. C. P., Art. 666 of 1925 Revision. Following Crane v. State, 240 S. W. 920. Distinguishing Weatherred v. State, 276 S. W. 436.

##### 7.—Same—Charge of Court—Defining "Force"—Error, but Harmless.

Where on a trial for burglary the court defined the word "force" as "any manipulation or effort employed to overcome any obstruction whatsoever," such charge should not have been given, but was harmless. We doubt the necessity of attempting to define "force" in a burglary case. The word is of common use and is too well understood.

##### 8.—Same—Charge of Court—"Night Time"

While the statute, Art. 1310, Vernon's C. C. P., defines night time as any time within the twenty-four hours from thirty minutes after sunset until thirty minutes before sunrise, we suggest that in defining day time or night time it would be clearer to omit "twenty-four hours." Night time in burglary is any time from thirty minutes after sunset to thirty minutes before sunrise.

##### 9.—Same—Confession of Accused—Circumstantial Evidence—Rule Stated.

Where the confession of an accused does not directly connect him with the commission of the offense, the case may be one depending upon circumstantial evidence, but where the confession admits the participation of the accused in the commission of the offense, such as an admission of his entry into the building, in a burglary case, no charge on circumstantial evidence is required. Distinguishing Early v. State, 97 S. W. 82.

ON REHEARING.

##### 10.—Same—Evidence—Of Night Time Burglary—Held Sufficient.

Where the confession of appellant states that he and his confederate left Cleburne "that night" after 11 o'clock, and proceeded to Osceola, where the burglary occurred, and that "we spent the remainder of the night at my house," such evidence sufficiently establishes that the burglary occurred in the night time.

**11.—Same—Ownership—Properly Averred and Proven.**

Where, on a trial for burglary the ownership of the house burglarized is alleged and proven to be in the person in the actual possession of the premises at the time of the burglary, same is sufficient. The rules as to alleging and proving ownership in burglary cases are the same as in theft. See Art. 457, Vernon's C. C. P. Cases illustrative, Lamator v. State, 38 Tex. Crim. Rep. 249; Bell v. State, 71 S. W. 24; Piper v. State, 56 Tex. Crim. Rep. 121, and other cases cited.

Appeal from the District Court of Hill County. Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction of burglary, penalty six years in the penitentiary.

The opinion states the case.

*Wear, Wood & Wear* of Hillsboro, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the District Court of Hill County of burglary, with punishment fixed at six years in the penitentiary, appeal is taken.

The case is well briefed, and we notice the points in the order discussed. It is insisted that a verdict for appellant should have been instructed because the evidence failed to show any breaking of the building, or that it was entered by force, threats or fraud. Appellant's confession was introduced. In it he said that he with others went into the bank at night and that they burglarized said bank. Plenty of evidence was found in the building the next morning after the alleged burglary to show that persons had entered same. Mr. Patterson, who had charge of the bank in the absence of its cashier, said that he locked the doors and closed the windows of the building when he left it about 5 p. m. on the afternoon before the alleged burglary that night. When he came to the building the next morning it was in the same condition as when he left it, viz.: its windows were closed and the doors locked. The vault of the bank showed plenty of evidence of attempts to penetrate it. On the floor of the bank were many articles which were not there when the bank was closed. These facts suffice to show an entry of the building by breaking. Such entry could be effected by raising the windows, or by the use of any sort of key which would unlock the door.

Appellant next contends that the evidence failed to show that the building was occupied and controlled by Mr. Patterson as

alleged in the indictment. We cannot agree to this proposition. The bank building was located in the little town of Osceola and was run by two men, Mr. Edrington being the cashier and Mr. Patterson the bookkeeper. Edrington was in Denver, Colorado, at the time of the alleged burglary, and had left the building and its contents in Patterson's charge. In such case authorities are numerous upholding the allegation and proof of ownership and control of the bank and its contents in the person who occupied the relation to same as did Mr. Patterson. See Sec. 2324, Branch's Annotated P. C. for authorities. Daggett v. State, 39 Texas Crim. Rep. 5, cited by appellant, holds against him and affirms the doctrine that an owner residing only eight miles from the burglarized premises which were in the care and control of an employe who lived thereon, did not in law have the actual care, control and management of the house alleged to have been burglarized, and that it was proper to allege the ownership in the occupant. Ratcliff v. State, 229 S. W. Rep. 857, also cited, is of the same import. In that case the real owner was prevented by an accident from giving his personal attention to his business at the time of the alleged burglary, and it was held that ownership and control were properly alleged in the man who was looking after it for the real owner. In the case before us the bank was a corporation, Edrington and Patterson being the only employes. Edrington had been gone from Osceola several days before the burglary and did not return for some time thereafter. No other person had anything to do with the bank building in Edrington's absence save Patterson. Allegation and ownership in Patterson was proper and sustained by the proof.

As stated above, appellant's written confession was introduced by the State. In it he said: "I assisted Ike Weatherred and Edgar Hammonds in completing arrangements to burglarize the bank at Osceola, Texas. * * * We got to Osceola and parked our car out near the school house. We then went on to the bank and Stanley went out in front of the bank and said he would watch for us. Ike Weatherred, Edgar Hammond and I all went into the bank. * * * I was in and out of the building. * * * When we got back to Cleburne the night we burglarized the bank Stanley carried the car back to Joplin." The only objection made to the introduction of said confession was that the accused was not properly warned. The writing contained a legal warning, the recitals of which were not contradicted therein in any way, nor did appellant when he took the witness stand deny the giving of the warning set forth. The confession was properly admitted in evidence.

Appellant took the witness stand and testified that he signed said confession, but in so far as same connected him with said burglary its statements were untrue. He said he signed the statement to get out of jail; that he was broke, that his wife and children were at home and he had not seen them since he was put in jail, and that he would not have signed the statement if he had not thought he would get out of jail. This constitutes all the attack made on the voluntary character of the confession, and in our opinion amounts to nothing. It is not asserted that any one in authority, directly or indirectly, did or said anything which induced appellant to make said confession. Williams v. State, 19 Texas Crim. App. 279; Campbell v. State, 63 Texas Crim. Rep. 595.

The trial court correctly refused appellant's special charge No. 2, wherein he sought to have the jury told that they should not consider the confession unless they believed its statements to be true, and that, if they found same to be untrue, the case would be one of circumstantial evidence. There was no warrant for said charge either in fact or law, and for this court to so hold would engraft on our practice the singling out in any case of the direct testimony on which the State relied, and telling the jury in the charge that if they did not believe this direct testimony to be true, then the case would be one of circumstantial evidence. The unsoundness of such doctrine needs no discussion.

The court's charge is criticised for saying: "The word 'entry' as used in this charge means any kind of entry without the consent of the occupant or owner of said building." Unless the facts show an entry at night and by breaking, such charge might be erroneous—but errors in the charge are not to be held reversible under Art. 743 of our C. C. P., unless hurtful to the rights of the accused. When the facts of the particular case show, as is the case here, that the entry was at night and by breaking,—the giving of a charge such as the one under discussion could be of no possible harm. Crane v. State, 240 S. W. Rep. 920. As in the case just cited, the court in the instant case, in applying the law to the facts, told the jury they must believe beyond a reasonable doubt that appellant "At night, did unlawfully break and enter" the house in question. Appellant relies on Weatherred v. State, 276 S. W. 436, but the facts in that case were different from those before us. We know of no well considered case since the enactment of Art. 743, supra, wherein the facts showed an entry at night by breaking, which has been reversed for the giving of this erroneous charge.

What we have just said applies equally to appellant's complaint directed at the court's defintion of "force" as "Any manipulation or effort employed to overcome any obstruction whatsoever." We doubt the necessity of attempting to define force in a burglary case. The word is of common use and too well understood. "Breaking" is defined by the statute as the use of the slightest force, such as raising a window, lifting a door latch, and, as stated in many cases, "opening a closed door of a house." The definition of force in the charge herein under the facts of this case could be of no injury, and would not call for a reversal. The error in the charge defining "night-time" is of slight weight. It states that by night-time is meant any time *within the twenty-four hours* from thirty minutes after sunset until thirty minutes before sunrise. To be sure there exists no such length of time between thirty minutes after sunset and thirty minutes before sunrise, as twenty-four hours. The statutory expression in Art. 1310, Vernon's C. C. P. is a bit awkward. It is suggested that in defining daytime or night-time in burglary cases, it would be clearer to omit the words "twenty-four hours." Night-time in burglary is any time from thirty minutes after sunset to thirty minutes before sunrise.

In asserting that this case, in spite of the fact of appellant's confession, should be held one of circumstantial evidence, appellant cites Early v. State, 97 S. W. Rep. 82. We are unable to find any analogy. In the case cited the confession of the accused went no further than to show him one of the parties present at the place where the homicide was committed. His participation in same was not admitted, but combated. We held that the fact that there was a confession which went no further than it did, did not take the case out of the rule of circumstantial evidence. In the case before us appellant not only admitted his presence, but his participation, his entry into the building, that it was at night, that they went back to Cleburne after they "burglarized the bank."

There are other matters complained of but without burdening this opinion with them in detail, we have considered same and find no error in any of them. It was proper to detail the condition of the building the morning after the burglary, of the vault; the movements of the officers, the finding of secreted articles such as were apparently used in the efforts to get into the vault, the watch kept of such articles, and the arrest of appellant and others at the place where

same were hid, the night after the burglary. In his confession appellant admitted going the next night after the burglary to where said articles were hidden, to get them. He told what each member of his party furnished in the effort to burglarize the bank. Nor was there error in admitting evidence that at various times reasonably near to that of the burglary, various articles similar to those so had and found were missed from the Santa Fe shops where appellant worked. Proof of what appellant's witness Stiles testified before the grand jury as to statements made by appellant to him in an effort to induce witness to go and aid appellant in robbing a bank, was admissible to impeach Stiles. Objections to the argument of State's counsel were without merit.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant now insists that there was no testimony of an entry at night into the alleged burglarized building. Referring to his confession in evidence, we note that he says that he and his confederates left Cleburne "that night" about 11 o'clock and proceeded to Osceola where the burglary occurred. He further states in said confession that after the burglary "we * * * spent the remainder of the night at my house." This is enough to show that the entry was at night.

Again it is insisted that Patterson being only the bookkeeper and admitting that he was merely an employe of the bank, loaned no money, etc., etc., Mr. Edrington ran the bank, etc., that the allegation of ownership in Patterson was not sustained by the proof. The rules as to alleging and proving ownership in burglary cases are the same as in theft cases. See Art. 457, Vernon's C. C. P., and authorities cited. Ownership of a schoolhouse claimed to have been burglarized at night was held properly laid in the janitor who had charge of the building from 4 p. m. to 8 a. m. Lamater v. State, 38 Tex. Crim. Rep. 249. One in possession of the property may, under appropriate circumstances, be alleged as its owner. Bell v. State, 71 S. W. Rep. 24; Piper v. State, 56 Tex. Crim. Rep. 121; Taylor v. State, 62 Tex. Crim. Rep. 211. If "A" owned a house and left the State, after asking "B" to look after it for him while he is away, and the house is burglar-

ized,—ownership should be laid in "B," even though he has it in his temporary custody. Davidson v. State, 86 Tex. Crim. Rep. 243. Burglarized buildings belonging to a corporation are sufficiently described as to ownership by alleging same in the person in possession. Guyon v. State, 230 S. W. Rep. 408; McGoldrick v. State, 232 S. W. Rep. 859. It is but a repetition for us to say that Edrington, the cashier of the bank, was out of the State at the time of the burglary and that Patterson, the bookkeeper, was in charge of the bank building and that ownership was properly laid in him.

There can be no question of the fact that the house was entered by some character of force. It was closed when Patterson left it; no broken walls were in evidence the next morning, though the interior of the building bore ample proof of the fact that some one had entered it. The court gave the statutory definition of breaking, and told the jury in appropriate language that if from the evidence they believed appellant so entered said building with the intent to steal, they should convict. We are unable to bring ourselves to believe that appellant has not had that fair trial guaranteed to him. He has been ably defended both in the trial court and here, and we are not in accord with the matters contended for, and the motion for rehearing will be overruled.

*Overruled.*