### GARZA v. STATE. (No. 11608.)

Court of Criminal Appeals of Texas. June 20, 1928.

Rehearing Granted Oct. 9, 1929.

W. B. Moss, of Sinton, and H. S. Bonham, of Beeville, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, nighttime burglary; penalty, two years in the penitentiary.

Appellant was charged with burglarizing the house of one Lewis Weir at night by force, threats, and fraud, with the intent to commit the crime of theft. The evidence shows that prosecuting witness placed a saddle along with some other articles in a house on his premises the night or late afternoon before the burglary. This house had only one opening, which was a door on the east that fastened with a button and was left closed by prosecuting witness and securely fastened. The next morning his saddle and other articles were missing. It was shown by a witness that he was riding with appellant that night in an automobile near the scene of the burglary; that appellant left the car, and was gone a few minutes and returned with a saddle; that this saddle was delivered by appellant to a Mexican, and was thereafter positively identified as the property of prosecuting witness. We regard the evidence as fully sufficient to show that a nighttime burglary was committed by force, and that appellant was the guilty party.

Complaint is made of the following charge: "By the term 'entry' into a house is meant every kind of entry but one made by free consent of the occupant or of one authorized to give such consent. It is not necessary that there should be any actual breaking to constitute burglary."

This charge was erroneous under the indictment in this particular case. Miller v. State, 80 Tex. Cr. R. 226, 189 S. W. 259; Newman v. State, 55 Tex. Cr. R. 273, 116 S. W. 577; Bates v. State, 50 Tex. Cr. R. 568, 99 S. W. 551. It, however, conclusively appearing that a nighttime burglary was committed by breaking into a house, and, there being no issue as to the character of breaking, we are of the opinion that the charge was harmless under the rule announced in Crane v. State, 91 Tex. Cr. R. 308, 240 S. W. 920, 923, and Wilson v. State, 103 Tex. Cr. R. 407, 281 S. W. 844, 846. We quote from the latter opinion:

"Unless the facts show an entry at night and by breaking, such charge might be erroneous, but errors in the charge are not to be held reversible under article 743 of our C. C. P., unless hurtful to the rights of the accused. When the facts of the particular case show, as in the case here, that the entry was at night and by breaking, the giving of a charge such as the one under discussion could be of no possible harm."

Appellant applied in due form for a suspended sentence by the filing of an affidavit, which contained, among other allegations, the statement: "That he has never been convicted of a felony in this or any other State." This affidavit was apparently introduced in evidence without objection.

Complaint is made in bill of exception No. 7 of the following argument of the district attorney:

"You can't consider the proposition of a suspended sentence in this case, because the defendant has offered no evidence that he has not been convicted of a felony in this or any other State."

Upon objection, the district attorney continued his statement that appellant's plea for a suspended sentence is not evidence, "that is just a plea of the lawyers—you can't consider that as evidence."

This bill of exception is wholly insufficient, in that the truth of the objections contained therein are nowhere certified to by the trial court. The bill fails to state that any such testimony was introduced, and no facts are set out which negative the right of the district attorney to make such an argument. This question is one of almost weekly occurrence, and we feel it unnecessary to discuss the matter further. We do not want to be understood as holding that such bill would show error, if the omitted matter had been incorporated in the bill. We dispose of the matter upon the insufficiency of the bill to show error.

By bill of exception No. 10 it appears that one of the witnesses was shown by appellant on cross-examination to have made a statement contradictory of that to which he testified on the trial, whereupon the state showed by the sheriff that such witness had stated to him facts which were practically identical with those testified to by him on the trial. Complaint was made of the sheriff's testimony, because same was hearsay. That a witness may be sustained and supported by proof of statements made by him similar to his testimony delivered on a trial under circumstances shown in this bill is well settled. The authorities sustaining this view have been collated by Mr. Branch, and are shown under section 181, Branch's Penal Code.

We have examined all of appellant's bills of exception, and, finding no error in any of them, the judgment of the trial court is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

MARTIN, J. The indictment in the instant case charged the burglarious entry of a

house by force, threats, and fraud at night, under article 1389, Pen. Code 1925. The court defined entry in the language of article 1392, Pen. Code 1925, quoted in the original opinion. There was no definition of force any further than might be implied from the quoted language of article 1392, Pen. Code 1925. As held in the original opinion, this charge was erroneous. Judge Hurt in the early case of Hamilton v. State, 11 Tex. App. 116, went exhaustively into this question, and it was there held that article 1392, Pen. Code 1925, did not dispense with the necessity of alleging and proving that the entry was effected by some one or more of the modes set out in article 1389, Pen. Code 1925. In the Crane Case cited in the original opinion the facts showed unquestionably that the entry was effected by the use of force applied to the building. Moreover, the court pointedly told the jury that they must believe beyond a reasonable doubt that the entry was made by force directly applied to the house. No such charge was given in the instant case.

This case was originally affirmed upon the theory that no issue was made in the court below as to the character of breaking, and that the testimony unquestionably showed an entry by force. The statement of facts upon this question reflects that the owner of the burglarized building testified positively that he remembered closing the door and latching it. This statement was repeated by him. However, on cross-examination we find this statement by him: "I testified to the fact that I closed the door with that wooden button that evening because I usually do that. * * * Well—I usually do that, and that's the reason why I say I did it on that occasion." The appellant did not testify. The testimony of the witness Weir, the owner of the alleged burglarized premises, is the only testimony found in the record upon this issue, and, taken as a whole, we have concluded upon closer examination that the issue of whether or not force was used to effect an entry was not necessarily foreclosed against appellant, and that the jury might have concluded but for the charge in question that there was some doubt as to whether the proof sufficiently showed that the alleged burglarized building was closed on the night of the alleged offense. Under the charge of the court, by reason of the insertion of the language of article 1392, Pen. Code 1925, the jury may have found that appellant was guilty, though no force was used or necessary to be used, as the court affirmatively instructed the jury that it was not necessary that there should be any actual breaking to constitute burglary, and that any entry into a house but one made by the free consent of the occupant, or one authorized to give such consent, constituted burglary. We again reiterate what was said in the Crane Case, supra, that "caution should

be observed by the trial courts in framing their charge on burglarious 'entry' in the light of the opinions heretofore referred to." It follows from what is here said that in our opinion the charge was prejudicially erroneous.

The motion for rehearing is accordingly granted and the judgment of affirmance set aside, and this cause is reversed and remanded for a new trial.

Reversed and remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.