## ALFRED CLAY MANGUM V. THE STATE.

No. 21625. Delivered May 28, 1941.
Rehearing Denied October 8, 1941.

The opinion states the case.

*V. M. Johnston,* of Palestine, *Henry Adams, J. F. Mangum* and *Nat Patton, Jr.,* all of Crockett (*King C. Haynie,* of Houston, of counsel on appeal only), for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the offense of burglary of a private residence at nighttime, and by the jury assessed a penalty of five years in the penitentiary.

The facts show that some one made an entry at nighttime into the private residence of Mr. Fuller through a window, and, upon the awakening of Mr. Fuller and his family, he, his wife and his twenty-year-old daughter Beth testified that the intruder was plainly seen by them in the light of a flashlight while being chased through this home of Mr. Fuller, and they all three positively identified such fleeing person as appellant.

Appellant offered an alibi, supported by many witnesses, but unfortunately for him, the jury refused to accept this alibi defense.

Appellant's bill of exceptions No. 1 complains of the following proceedings as shown therein:

"Direct Examination
"Q. Are you Mrs. Alfred Clay Mangum? A. Yes sir.
"Q. The wife of the defendant, here? A. Yes sir.
"Q. Of what does your family consist? A. Two (2) boys.

"Cross Examination
"Q. You have never before testified in this case, have you?"

And this last question was answered "I have never before testified in this case," and no further proceedings were had relative to this witness. The objection thereto being that appellant had not gone into the question of whether or not she had theretofore testified in this matter, and that the number of times she had testified in this case was new matter not brought out in her direct examination. It was shown without objection, sometimes by the appellant's attorneys, that there had been a previous trial of this cause, and we are unable to see how any serious importance could be attached to this rathed unimportant

question and its answer. Undoubtedly the witness was placed upon the stand possibly as an exhibit, and to show that appellant had a wife and two children, and the casual question relative to her appearances upon the witness stand was not, in our opinion, any infringement upon appellant's rights.

The second bill of exceptions embodies the appellant's exceptions to the court's charge. The trial court gave in his charge the entire article 1392, P. C., which reads as follows:

"The 'entry' into a house includes every kind of entry but one made by the free consent of the occupant, or of one authorized to give such consent; it is not necessary that there should be any actual breaking to constitute burglary, except when the entry is made in the daytime."

We have often held that if there was any question relative to the fact of force having been applied in the making of an entry, that the inclusion of such article in the court's charge would constitute error. See Newman v. State, 55 Texas Cr. R. 273, 116 S. W. 577; Bates v. State, 50 Tex. Cr. R. 568, 99 S. W. 551; Miller v. State, 80 Tex. Cr. R. 230, 189 S. W. 259. However, in the case at bar it is conclusively shown, with no denial thereof, that an entry was made into this residence at nighttime through a window, and the screen over such window had been prized loose and was sitting against the wall of the house, the window raised and a piece of cardboard stuck under the window to hold it up. This window was not in that condition when Mr. Fuller went to bed on that night. There was no other or different testimony offered relative to the mode of entry of this house. Under these circumstances the court also instructed the jury that "* * * The charge in this case is the entry into a private residence at night, by force, with the intent to commit theft." Again, he embodied in his charge the following paragraph:

"You are further instructed that the indictment in this case having charged that the burglarious entry of the private residence was made by force, in the nighttime, with the intent to commit the crime of theft, before you would be warranted in finding a verdict of guilty, you must be satisfied from the evidence, beyond a reasonable doubt, that the entry was made in the nighttime, by force and with the intent to commit the crime of theft."

Under these circumstances we think this matter is governed by this court's opinions in the cases of Crane v. State, 240 S. W. 921, 91 Tex. Cr. R. 308; Wilson v. State, 103 Tex. Cr. 407, 281 S. W. 844. We quote from the Wilson case, supra:

"The court's charge is criticised for saying: 'The word "entry" as used in this charge means any kind of entry without the consent of the occupant or owner of said building.' Unless the facts show an entry at night and by breaking, such charge might be erroneous— but errors in the charge are not to be held reversible under Art. 743 of our C. C. P., unless hurtful to the rights of the accused. When the facts of the particular case show, as in the case here, that the entry was at night and by breaking,—the giving of a charge such as the one under discussion could be of no possible harm. Crane v. State, 240 S. W. Rep. 920. As in the case just cited, the court in the instant case, in applying the law to the facts, told the jury they must believe beyond a reasonable doubt that appellant 'At night, did unlawfully break and enter' the house in question. Appellant relies on Weatherred v. State, 276 S. W. 436, but the facts in that case were different from those before us. We know of no well considered case since the enactment of Art. 743, supra, wherein the facts showed an entry at night by breaking, which has been reversed for the giving of this erroneous charge."

And we are of the opinion that the above quotation answers appellant's contention relative to such charge concerning an entry as defined in Art. 1392, P. C.

Bill of exceptions No. 3 merely embodies all the special requested charges offered by appellant and refused by the court. Some of such charges are not called for by the evidence, and some we think are covered by the court's main charge. The charge requested on circumstantial evidence should not have been given. Appellant was positively identified by three persons as the one who was in the home of Mr. Fuller, and it was shown that Mr. Fuller's trousers were rifled and a small amount of money taken therefrom.

In the motion for a new trial there is complaint made of the misconduct of the jury in that it was claimed that a remark was made in the retirement of the jury room while they were deliberating upon their verdict that appellant had been tried before in Houston County and given a sentence of five years.

We have read the testimony of the jurors taken at the time of the hearing of the motion, and it is our opinion that the trial court was correct in holding that no such mention was made by anyone in their deliberations. Frequently mention was made in the trial of the previous testimony of witnesses by both sides, thus necessarily conveying to the jury the impression that a previous trial had been had, but in no event was anything said about the result of any trial by anyone in this trial.

Further complaint is made that when the jury retired to consider of its verdict, the foreman of the jury, Mr. Armstrong, had in his possession a rough skeleton drawing, made by him during the taking of the testimony, relative to the home of Mr. Fuller and the location of the rooms thereof, and that the foreman told the jury that he had made same, and exhibited such in the jury room. The same was a piece of light cardboard about two by three inches in its entirety, and represented his effort to follow the testimony of the witnesses as they described the house and the peregrinations of Mr. Fuller and the intruder as he endeavored to leave the house while being pursued by Mr. Fuller. The testimony shows that no juror seemed to pay any attention to this drawing, and none desired to see it, and that then the foreman inquired if anyone of the jurors desired to see the map that was introduced in evidence, which he would send for if so desired, and none asking for same, they continued their deliberations without the aid of either delineation.

We do not think any error was evidenced by such proceedings.

There are no further bills found in the record, and finding no error therein the judgment is affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing in this case challenges the sufficiency of the evidence in numerous respects to support the submission of the case to the jury and the verdict returned. The State's evidence on the subject is ample, if believed by the jury, to sustain every issue. Mr. Fuller, whose home was entered, together with his wife and other members of the

family, positively identified Mangum as being the party who entered their home. They saw him as he was chased from room to room and finally broke out through a closed screen door. A large flashlight illuminated the room and he was visible to the witnesses who were within a few feet of him. The evidence as to the time of day was positive, Mrs. Fuller testifying that it was three o'clock in the morning and that it all took place in the darkness. The torn screen on the window indicated the place he entered the house and supported the issue of "breaking."

We have considered each and every issue raised in the motion for rehearing and find nothing that requires further discussion. We believe that a correct conclusion was reached in the original opinion. Unfortunate as the case may appear to be, the matters at issue are questions of fact for the jury.

The motion for rehearing is overruled.