## J. Brice v. The State.

### No. 3784. Decided November 3, 1915.

**1.—Occupation — Selling Intoxicating Liquors — Local Option — Confessions—Corpus Delicti.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the State proved but one sale, as alleged, and attempted to prove another sale by defendant's confession without any further testimony to prove the corpus delicti, the conviction could not be sustained. Following Kugadt v. State, 38 Texas Crim. Rep., 681, and other cases.

**2.—Same—Rule Stated—Confessions.**

The confessions of defendant alone can not prove a crime; the corpus delicti must be proved, and the confessions can only be used to connect the party with it in aid of making out the corpus delicti. Following Hill v. State, 11 Texas Crim. App., 132, and other cases.

**3.—Same—Occupation—Sales.**

Upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the State must prove not only the following of the occupation or business, but at least two sales of intoxicating liquors, and this must be done according to the rules of evidence and the law; otherwise the conviction can not be sustained.

Appeal from the District Court of Red River. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of unlawfully selling intoxicating liquors in local option territory; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Travis.T. Thompson,* for appellant.—On question of the insufficiency of the evidence: Fitch v. State, 127 S. W. Rep., 1040; Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125; Bluman v. State, 33 Texas Crim. Rep., 43.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Jones v. State, 174 S. W. Rep., 1071.

DAVIDSON, JUDGE.—Appellant was convicted of pursuing the occupation of selling intoxicating liquors in local option territory, his punishment being assessed at two years confinement in the penitentiary.

The indictment, after alleging the pursuing of the business, set out the names of two parties to whom sales were made, towit: Will Williams and J. T. Kilgore. Proof is reasonably certain as to the sale to Williams. Kilgore was not produced as a witness. Appellant made a confession to the district attorney after he had testified before the grand jury. The confession may be treated as indicating that he had sold whisky to J. T. Kilgore. It is rather indefinite. He also mentioned the names of two other parties who were not named in the indictment. This is the State's case outside of the fact that defendant is shown to have been connected with a shipment of whisky by one of the witnesses, that is, that he had, on the occasion when Will Williams bought the whisky, a paper box that would carry twelve bottles of whisky. It is not stated, however, that there were twelve bottles in it at the time that Williams bought this whisky. Williams testified that he did not see any other whisky there at the time he bought it. He says there was a box there, but he did not see any whisky. All that he saw was a pint of whisky that he bought of defendant, for which he paid 75 cents. The sheriff testified that he recovered or came in possession of some intoxicating liquors in a pasteboard box, a twelve-quart case. This was on the 31st of May, and he found this whisky or got it at the old jail wagon yard in Clarksville, and his recollection was that there were five quarts of whisky in the box, and some old whisky glasses. This witness does not connect the defendant with that pasteboard box, nor does he undertake to do so. It may or not have belonged to appellant. The confession made to Mr. Lipscomb was to the effect that appellant got a shipment of twelve quarts of whisky on the 31st of May, and disposed of all but five. That he "sold Will Williams one pint of the whisky; and let J. T. Kilgore have one pint of the whisky; and Collier Hemingway got one quart of the whisky; and Rufus Davis got one quart of the whisky, and I sold three or four other different parties one quart each of the whisky. I didn't know the parties to whom I sold." Now this confession does not aid the State particularly in its case,

even if it was admissible testimony. The confession of a defendant may be used where corpus delicti is shown to connect the defendant or party making the confession with that corpus delicti, and it has been held that the confession may be used to aid in making out the corpus delicti, as in the Kugadt case, 38 Texas Crim. Rep., 681, and for other authorities see Branch's Crim. Law, sec. 235. It has been held that the confession alone can not prove the crime. The corpus delicti must be proved, and the confession may be used to connect the party with it. This has been thoroughly settled in a numerous line of cases in Texas. Hill v. State, 11 Texas Crim. App., 132, is one of the earlier cases. Confession alone is insufficient to support a conviction. See Branch's Crim Law, sec. 235.

Take the confession of appellant out of the case, and there is no testimony to show that he sold whisky to anybody except Williams. The corpus delicti in this case is not shown until evidence of a sale has been shown by somebody. The same may be said as to the other parties named in the confession. They, however, are not named in the indictment, but if they had been the State could not prove the corpus delicti or crime by the confession. There must be evidence independent of the confession. Such we understand to be the unbroken line of authority in Texas. The Hill case, supra, was followed in two cases reported in 40 Texas Crim. Rep., White v. State, 366, and Sullivan v. State, 633; also in Dunlap v. State, 50 Texas Crim. Rep., 504. We, therefore, are of opinion the State has not made out its case. The State must prove not only the following of the business, but must prove at least two sales, and this must be done according to the rules of evidence and law, and as a prerequisite to that it must be shown that the party was following that business, and in pursuing that business made two sales, otherwise the State has not made a case.

The facts do not justify this conviction as presented by this record, and the judgment, therefore, will be reversed and the cause remanded.

*Reversed and remanded.*