## JOSE ANGEL ORTEGA V. THE STATE.

No. 15729. Delivered March 29, 1933.
Reported in 58 S. W. (2d) 825.

The opinion states the case.

*W. Van Sickle,* of Alpine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of cattle, punishment being two years in the penitentiary.

The indictment alleged ownership in Aaron Green. The title to the animal was in William Green, father of the alleged owner; but the latter was shown to have had actual control, care and management of the cattle belonging to his father. The alleged stolen animal was one of a bunch which ranged near the residence of Ray Ogle, who missed the particular animal a few days before appellant's arrest. She had never been seen since that time. Tracks of a cow which appeared to have been driven by three men on horses were followed from a point in the accustomed range of the Green cattle to the Rio Grande River, and

for some distance on the other side. The tracks of the horses and cow indicated that she had been "cut out" of a bunch of cattle at the time she was taken. After the matters related were discovered appellant was arrested by Slack, a Texas ranger, who took appellant into Mexico and he there pointed out a place where he claimed he and other parties killed the animal. The things discovered at this point throw little, if any, light on the issues involved. Later appellant was brought back into Texas and made a written confession which on its face appears to have been made in compliance with all the formalities required by article 727, C. C. P., regarding confessions. The instrument consisted of two sheets of paper on both of which appeared what purported to be the signature of appellant made by his mark and witnessed by A. L. Hannold, R. A. Ogle, and L. H. Hobbs. The confession states in substance that appellant, his father and brother, took the animal in question, without the consent of anyone; that his father helped drive the animal to and across the river and then returned home, and that appellant and his brother drove it from the river to a point near Aguilar's place where it was butchered; that part of the meat was left with Aguilar and the remainder brought back to the home of appellant's father on this side of the river.

The confession was written in English. Appellant objected to its introduction in evidence on the ground that he could not read or write the English language, could not understand the meaning of the writing, except as translated to him; that it was made in Spanish to Tom Miller, who was a private citizen, in the presence of the owner of the stolen animal, and in the presence of the ranger who had appellant under arrest; that the confession was translated into English by the ranger who was not present in court though under process; and because the witnesses to appellant's "mark" could not translate part of the confession into Spanish. There was no evidence which suggested that any threat or coercive measures of any kind were used to induce appellant to make the confession. It appears that appellant did not speak or understand English. Upon the points urged in appellant's objections Mr. Green testified that the statements made by appellant were in Spanish and were translated into English; that after the confession had been written it was translated into Spanish so appellant could understand it; that it was carefully inquired into and gone over in every way. At the time the confession was signed and witnessed the ranger who had done the translating was not in the room. Mr. Ogle, who was present when the confession was

made, testified that appellant's statement was translated by Ranger Slack; that witness understood Spanish sufficiently to know what was being said there, and that the facts set out in the statement were the same facts as told by appellant. The witness said while he could not translate Spanish into English, he could understand Spanish, could talk to Mexicans, and understand what they were telling him. Mr. Hannold testified that he was present and heard appellant make the statement in Spanish and understood what he said, and that the statement was correctly set out in the confession.

Appellant denied in toto making the confession or signing same with his mark. He said the only thing he told them at the time was that he knew nothing about the cow, or who took her. He said no one made him sign anything or compelled him to make any statement. Mr. Priest, the district attorney, seems to have been at Mr. Miller's house by accident when the confession was taken; he was a candidate and on an electioneering trip. He testified that he wrote down the confession of appellant in English as it was translated to him, principally by Mr. Slack, and saw appellant sign with his mark both sheets of paper containing the confession; that the parties signing as witnesses were also present at the time.

Why Mr. Slack was absent from the trial does not appear from the record. Notwithstanding his absence, and the fact that he did the principal part of the translating when the confession was being taken, we are of opinion the evidence shows beyond question that the translating was correctly done, and that the written document admitted in evidence correctly reflected the confession of appellant. The translation is usually verified by the party doing it. Rueda v. State, 101 Texas Crim. Rep., 651, 277 S. W., 116; Rios v. State, 110 Texas Crim. Rep., 68, 7 S. W. (2d) 535. But we see no reason why it cannot be shown to be correct by other witnesses who were present at the time and who are familiar with the language used by accused.

Another bill complains that appellant was curtailed in his cross-examination of state's witness Ogle regarding his ability to translate certain portions of the confession into Spanish. The court qualifies the bill as follows: "The witness was not wholly unable to translate the parts of the confession submitted for his translation, but was unable to translate it literally and gave only the substance thereof, which I understand from experience to be the only way such a translation can be had. The Spanish form of expression is entirely different from the English. The objection sustained was to a prolonged effort at the translation of

parts of the confession." When the bill is considered in connection with the qualification no error appears in the action of the court.

Where, other than by the confession, a crime is shown to have been committed by some one, the confession of the accused may be used to connect him with the crime, or the confession may be used to aid the proof of the corpus delicti. Branch's Ann. Tex. P. C., sec. 1890; Brice v. State, 78 Texas Crim. Rep., 42, 179 S. W., 1178; Kugadt v. State, 38 Texas Crim. Rep., 694, 44 S. W., 989; Hill v. State, 11 Texas App., 132; Harris v. State, 64 Texas Crim. Rep., 594, 144 S. W., 232; Aven v. State, 95 Texas Crim. Rep., 155, 253 S. W., 521; Hernandez v. State, 110 Texas Crim. Rep., 159, 8 S. W. (2d) 947. We are inclined to the opinion that the evidence in the present case, independent of the confession, was sufficient to show that some one had stolen the cow in question, in which event the confession was sufficient to connect appellant with the theft; certainly when the confession is considered in connection with the other facts in evidence appellant's guilt appears to have been legally established.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*