### JACK V. HULEN v. THE STATE.

No. 22273. Delivered November 11, 1942.
Rehearing Denied February 3, 1943.

The opinion states the case.

*R. E. Eubank,* of Paris, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is failing to stop and render assistance to a person struck with an automobile upon a public highway. The

punishment assessed is confinement in the State penitentiary for a period of two years.

The record reflects the following facts: On the night of August 24, 1941, appellant, while driving an automobile along and upon U. S. Highway No. 82 in the town of Reno, Lamar County, Texas, ran said automobile upon and over Henry J. Rakestraw, inflicting injuries upon him which resulted in his death. Appellant did not stop and ascertain if the person whom he struck was injured and needed assistance but continued to drive and increased his speed in order to get away. He was subsequently arrested at Detroit, in Red River County. While in custody of the officers he made a written confession to Mr. Harrison, the County Attorney, after being duly warned as provided by Art. 727, C. C. P.

By Bill of Exception No. 1 appellant complains of the action of the trial court in overruling his motion to quash the indictment on the ground that the legislative Act of 1917, (General Laws, Chap. 207, Sec. 18, now known as Art. 1150, P. C.,) as applied to the case at bar, is violative of Article 3, Section 35 of the Constitution of Texas, in this, that it contains subjects not expressed in the caption of the bill. This question was decided by this court adversely to appellant's contention in the case of Mosier v. State, 90 Tex. Cr. R. 136, 234 S. W. 225. Believing that the question was properly decided, we see no need for again entering upon an extended discussion thereof.

By Bill of Exception No. 2 appellant complains of the introduction in evidence of his written confession. No ground of objection is stated in the bill and no reason is assigned as to why the same should not be admitted. All that the bill shows is that appellant objected to its introduction, and this is not sufficient where evidence might, under certain circumstances, be admissible. See 4 Tex. Jur. p. 306, sec. 213; Skinner v. State, 159 S. W. (2d) 878.

By Bill of Exception No. 3 appellant complains of the introduction in evidence of his written confession, to which he objected on the ground that the same was made to A. M. Harrison, Reb Burks and H. R. Marks, peace officers of Lamar County, and proof of the predicate for its introduction was made by Frank Davis, another peace officer, who did not witness such confession. The court qualified the bill and in his qualification states that the term "did not witness such confession" does not mean that he was not present but that he (Davis) did not sign same; that the statement of facts will

show that he was present, heard the warning given by the County Attorney, heard the confession made and saw same signed by the defendant and witnesses. In our opinion, the bill, as thus qualified, fails to reflect any reversible error. The fact that the County Attorney, who gave the proper warning and to whom the confession was made, was, at the time of the trial, in the United States Army and was not available to the State to make proof of facts which would render it admissible in evidence and that such proof was made by another who was present, heard the proper warning given, heard the confession made, saw it reduced to writing, heard it read over to defendant and saw him sign it, would not render it inadmissible. That such facts, like any other fact, may be proven by any person who was present and by reason thereof had acquired knowledge of what transpired, seems to be based on sound reason and justice. See Williams v. State, 126 Tex. Cr. R. 42; Ortega v. State, 58 S. W. (2d) 825.

Bills of Exception Nos. 4 and 7 may be considered and disposed of together inasmuch as they relate to docket entries made by the magistrate at the time appellant was given an examining trial. It appears that appellant upon his trial sought to introduce said entries as evidence in his behalf, to which the State interposed an objection which the court sustained. We think the court was eminently correct in his ruling. These entries were the act of a third party, were not binding on the State, and proved no fact relating to any issue in the case.

By Bill of Exception No. 5 appellant complains of the court's action in declining to submit to the jury the following special requested charge:

"If you believe from the evidence, or have a reasonable doubt thereof, that at the time of the defendant's arrest and while he was in custody of the officers and when he made the purported confession to A. M. Harrison, County Attorney, and to Reb H. Burks, Sheriff, that at such time he made other and additional statements to such officers which statements were explanatory in their nature, and that such statements were not included in such purported confession as would excuse defendant from blame and would show an intention to have his wife drive back to the scene of the accident, if any, or to return to such scene, or if you have a reasonable doubt thereof, you will not consider such purported confession for any purpose."

This charge should not have been given because it did not embrace a correct legal proposition and also because there was

no evidence introduced as a basis for its submission. The trial court is required to give in his charge to the jury the law as applicable to the evidence introduced raising some issue, but it would be highly improper to instruct the jury on some theory when there is no basis therefor in the evidence.

Bill of Exception No. 6 reflects the following occurrence: Appellant undertook to prove by Dorsey Toney that he heard a conversation between Reb H. Burks, the Sheriff, and the defendant at the time of his arrest; that the defendant stated to the sheriff that he was on his way back to the scene of the collision with his wife, to which the State objected on the ground that it was a self-serving declaration, which objection was sustained and appellant excepted. This bill is qualified by the court who states in his qualification thereof that the alleged conversation took place some two hours after the commission of the alleged offense and many miles from the scene of the accident. It occurs to us that the alleged statement by appellant, in view of the court's qualification, brings it within the rule of self-serving declarations and is therefore not admissible. Moreover, there is nothing in his statement which showed an intention of returning to the scene of the collision for the purpose of rendering any aid or that after such lapse of time he might have rendered any aid to the injured party.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that we were in error in holding admissible the confession, as against his contention that the proper predicate was not first shown, as complained of in his Bill of Exception No. 3.

It is appellant's contention that, as a condition precedent to the introduction in evidence of a confession of one accused of crime, the State must show, by the testimony of the party to whom the confession was made, that same was made in accordance with the statutory requirements, and that secondary proof may be resorted to, only, after a showing that the testi-

mony of the person to whom the confession was made was not available to the State.

Here the confession was in writing. Upon its face, it showed that all statutory requirements had been complied with. A witness testified that appellant signed the confession in his presence. There was no objection that the confession was not voluntarily made, or that the statutory warning was not given. Under such circumstances, the confession was admissible. Richardson v. State, 244 S. W. 1021, 92 Tex. Cr. R. 526; Hale v. State, 51 S. W. (2d) 611, 121 Tex. Cr. R. 364; Wilson v. State, 281 S. W. 844, 103 Tex. Cr. R. 403; Crowley v. State, 242 S. W. 472, 92 Tex. Cr. R. 103.

The appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.