### DEL MARTINEZ V. STATE

No. 27,454. March 2, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 13, 1955

*Ray Stevens,* Austin, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for violating Art. 1350, Vernon's P.C., which makes it unlawful to wilfully injure or destroy property belonging to another. The punishment was assessed at two years in the penitentiary.

Appellant was the owner and operator of a cafe on Red River Street in the city of Austin. There was in the cafe a coin-operated cigarette vending machine belonging to Milner's

Mechanical Merchandising Company, of which Gordon Neely, in whom ownership of the vending machine was alleged in the indictment, was a co-owner.

The witness Cantu, an employee of the appellant in the cafe, testified that he entered into a conspiracy with the appellant whereby the two of them would break into the cigarette machine, take the cigarettes and money therefrom, disarrange the building so as to have it appear that a burglary had occurred, and, after the building had been so entered, that the cigarette machine had been broken into and the contents stolen. The witness further testified that the conspiracy was carried out as agreed and that the cigarette machine was broken into and the cigarettes and money taken therefrom were divided between the two.

Appellant's written confession corroborated Cantu's testimony and is sufficient to establish the injury to the cigarette machine as alleged in the indictment.

The confession, upon its face, showed that W. F. Flow, H. H. Kullenburg, and W. D. Waggoner gave appellant the statutory warning, after which the confession was made to those persons.

Upon direct examination, the witness W. F. Flow testified that he gave appellant the warning as to the confession; but, on cross-examination, the witness testified that "Mr. Albert, who wrote the confession out, warned him" by reading the warning to appellant. Also on cross-examination, the witness Flow answered affirmatively the question: "That is the only warning he ('Mr. Albert') gave to him, just read the warning to him?"

The other two parties—that is, H. H. Kullenburg and W. D. Waggoner, who the confession recited gave appellant the warning and to whom it was alleged the confession was made, did not testify in the case, nor is there any testimony showing that they were present when the confession was made or that they warned appellant, as stated therein.

There is no escape, therefore, from the conclusion that the state did not, as a condition precedent to the introduction of the confession, show that the warning was given by the parties named therein or that the confession was made to those parties. To the contrary, the evidence shows that the warning was given by a "Mr. Albert," to whom the confession was made and who is not named therein and who did not testify upon the trial.

From the face of the confession it appears that it is not the confession given to "Mr. Albert" and about which the witness Flow testified.

Appellant made no objection to the introduction in evidence of the confession because a sufficient predicate had not been first laid for its admission, nor did he object to the testimony as to the warning given being at variance with that stated in the confession.

A confession which upon its face shows a compliance with the provisions of Art. 727, C.C.P., and which has not been objected to or challenged, is admissible and no necessity exists to establish by other evidence that the provisions of the statute were complied with. Wilson v. State, 103 Texas Cr. R. 403, 281 S.W. 844; Hulen v. State, 145 Texas Cr. R. 344, 167 S.W. 2d 752. The confession was therefore admissible, upon its face.

The evidence showed that the extent of the damage to the cigarette machine was $67.50. Such figure was arrived at from the records of the owner of the machine. Appellant objected thereto because the records were not, according to him, properly proven and were hearsay.

We note the damage to the machine was shown by other evidence to be in excess of $50, to which evidence no objection was urged. Such fact rendered appellant's objection in the first instance unavailing.

No reversible error appearing, the judgment is affirmed.