NO. 07-02-0243-CR

NO. 07-02-0244-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 24, 2003

_____

JESUS ALBERTO HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 4778, 4779; HONORABLE KELLY G. MOORE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Jesus Alberto Hernandez appeals from his convictions for aggravated robbery and escape and from his sentences of 30 years and 10 years incarceration, respectively. We affirm.

On April 8, 2002, appellant pled guilty to charges of aggravated robbery and escape. The judge of the 121st District Court of Terry County found that the evidence substantiated appellant's guilt, accepted appellant's guilty pleas and found appellant guilty. A consolidated sentencing hearing was held on April 29, 2002. Both the State and appellant presented evidence at the sentencing hearing. At the conclusion of the hearing, the trial judge sentenced appellant to serve 30 years imprisonment for the aggravated robbery conviction, and 10 years imprisonment for the escape conviction.

Appellant filed a motion for new trial on May 22, 2002. On May 24, 2002, appellant filed general notices of appeal.

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

In reaching the conclusion that the appeal is frivolous, counsel advances two possible issues. In the first possible issue advanced by counsel, counsel argues that the trial court potentially erred by admitting appellant's written statement as evidence against

him during the punishment hearing. Counsel argues that it is unclear that the procedural requirements of TEX. CRIM. PROC. CODE ANN. art. 38.22(2)(a) (Vernon 1979)[1] were sufficiently complied with so as to render appellant's statement admissible as evidence. Specifically, counsel argues that it is unclear whether the person to whom appellant gave his written statement was present when appellant was given the warnings required by art. 38.22. In the second possible issue advanced by counsel, counsel identifies several instances during the punishment hearing where the trial court allowed evidence pertaining to appellant's juvenile record over appellant's objection.

After referencing, analyzing and discussing both the record, counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). In concluding that the appeal is without merit, counsel notes that in regard to appellant's written statement, the evidence contained in the statement was largely duplicative of other evidence that was properly before the court. In addition, counsel notes that parts of appellant's statement could have been properly admitted to impeach appellant's testimony during the hearing which was inconsistent with appellant's version of events as detailed in the written statement. TEX. R. EVID. 613. Therefore, counsel concludes that it is unclear how admission of the statement could have affected appellant's substantial rights.

---

[1]Further reference to TEX. CRIM. PROC. CODE ANN. art. 38.22 shall be by reference to "art. 38.22."

3

Counsel notes that the written statement reflects that it was made to the same officer who administered the warning required by art. 38.22. Therefore, the statement facially complies with art. 38.22's requirements. According to that officer's testimony, he was in and out of the room while appellant gave his statement. Counsel directs our attention to evidence that another officer was in the same room when appellant was giving his statement. See, e.g., Dowthitt v. State, 931 S.W.2d 244, 258 (Tex.Crim.App. 1996) (holding that the requirements of art. 38.22 are satisfied if the person who takes the statement is present when another person administers the statutory warnings). That officer had previously been released from his subpoena with appellant's consent and was no longer available to testify. We also note that the witness to whom the statement was nominally given testified that appellant signed the statement. We further note that there was no objection to the effect that appellant's statement was not voluntarily made or that the statutory warnings were not administered. See, e.g., Hulen v. State, 145 Tex.Crim. 344, 346-47, 167 S.W.2d 752, 753 (1942).

Regarding the second possible issue advanced by counsel, the Legislature has provided that evidence of juvenile adjudications are admissible during the punishment phase of trial. See TEX. CRIM. PROC. CODE ANN. § 37.07(3)(a) (Vernon Supp. 2003).

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. Appellant has not filed a response to counsel's motion and brief.

4

We have made an independent examination of the record to determine whether there are any other arguable grounds for the appeals. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed. 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeals are frivolous.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.

Phil Johnson
Chief Justice

Do not publish.